**RECEIVED**

2009 NOV 12 A 11: 20

*[stamp: ...P. HACKETT CLK / ...DISTRICT COURT]*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WANDA GRIFFIN LEWIS, on behalf of herself and all others similarly situated, ) ) ) ) | |
| PLAINTIFF, ) ) | CASE NO.: 2:09 cv 1041 |
| VS. ) ) | **JURY DEMAND** |
| ARS NATIONAL SERVICES, INC. d/b/a ASSOCIATED RECOVERY SYSTEMS, and LVNV FUNDING, LLC., ) ) ) ) ) | |
| DEFENDANTS. ) | |

## CLASS ACTION COMPLAINT

### I. Introduction

1.  This is a consumer class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA" or "Act"). Plaintiff, Wanda Griffin Lewis, on behalf of herself and all persons similarly situated, seeks declaratory judgment and statutory damages against Defendant debt collectors ARS National Services, Inc. d/b/a Associated Recovery Systems and LVNV Funding, LLC arising from their routine practice of sending letters like the one sent to Plaintiff which threaten to disclose private information to affiliated and non-affiliated parties as well as other third parties in violation of the FDCPA.

1

## II. Jurisdiction

2.      Subject matter jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and 15 U.S.C. §1692k(d).

3.      In personam jurisdiction exists and venue is proper as the Defendants regularly conduct business in the Middle District of Alabama. Plaintiff is a resident of Pike County, Alabama and the alleged violations occurred here. *See* 28 U.S.C. § 1391.

## III. Parties

4.      Plaintiff Wanda Griffin Lewis (hereinafter "Ms. Lewis ") is an adult individual residing in Troy, Alabama. At all times material hereto, Ms. Lewis and each member of the class she seeks to represent are "consumers" as that term is contemplated in §1692a of the Act.

5.      Defendant ARS National Services, Inc. does business as Associated Recovery Systems (hereinafter "ARS"), is located at 201 W. Grand Avenue, Escondido, California 92025, and is engaged in the business of collecting debts due or alleged to be due to others across the State of Alabama and is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

6.      Defendant ARS routinely sends letters in the form of the letter sent to Ms. Lewis which includes a Privacy Notice implying that it may share consumers' private information with third parties.

7.      Defendant LVNV Funding, LLC ("LVNV") is a limited liability company engaged in the business of collecting debts due or alleged to be due to others across the

State of Alabama, with its principal place of business located 200 Meeting Street, Suite 206, Charleston, South Carolina. LVNV is a "debt collector" as that term is contemplated in §1692a(6) of the Act.

8.    Defendant LVNV purchases consumer debts from the original creditor which are delinquent when acquired.

9.    Defendants are all entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained off which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

10.    Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and or/other representative of the other Defendants, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

### IV. Factual Allegations

11.    Defendant ARS sent, or caused to be sent, a three page letter dated November 14, 2009 to Ms. Lewis attempting to collect an alleged debt originally claimed

to be owed to JC Penney now alleged to be due Defendant LVNV. A copy is attached hereto as *Exhibit A*.

12. *Exhibit A* was the first letter sent by ARS to Ms. Lewis regarding the alleged debt originally due to JC Penney.

13. The bottom of the front side of *Exhibit A* states in pertinent part: (SEE REVERSE SIDE FOR IMPORTANT INFORMATION.) (Emphasis in the original)

14. *Exhibit A* includes a section entitled "PRIVACY NOTICE" containing a statement that it may share collected information with third parties "as permitted by applicable privacy law."

15. On November 14, 2008 Ms. Lewis' alleged debt was owed to LVNV.

16. On information and belief, LVNV employed ARS to assist with the collection of the alleged debt of Ms. Lewis originally owed to JC Penney.

17. LVNV is responsible for ARS's activities in attempting to collect of the alleged debt of Ms. Lewis originally owed to JC Penney.

### V. Defendants' Routine Practices

18. It is the routine practice of Defendants to send, or cause to be sent, letters in the form of *Exhibit A* which violate 15 U.S.C. §§ 1692c, 1692e, 1692e(5), and 1692e(10) of the FDCPA.

19. It is and was the policy and practice of Defendant LVNV to purchase consumer accounts in default and to employ Defendant ARS acting as its agent to collect those alleged debts.

20. It is and was the policy and practice of Defendants in their initial letter

*(Exhibit A)* to include with *Exhibit A* a section entitled "PRIVACY NOTICE" containing a statement that it may disclose private information to third parties "as permitted by applicable privacy law."

## VI. Class Allegations

21.     This action is brought as a class action on behalf of a class defined as (i) all persons with addresses in Alabama (ii) to whom Defendants sent, or caused to be sent, a letter in the form of *Exhibit A* containing a section entitled "PRIVACY NOTICE" (iii) in an attempt to collect an alleged originally owed to JC Penney (iv) which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action.

22.     On information and belief based on Defendants' use of form letters, the class is so numerous that joinder of all members is impractical.

23.     There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal question is whether Defendants' letter in the form of *Exhibit A* violates 15 U.S.C. §§ 1692c, 1692e, 1692e(5), and 1692e(10).

24.     Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

25.     Plaintiff will fairly and adequately represent the interests of the class

5

members. Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

27. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

> (a) The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

29. Plaintiff request the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII. Count I - Fair Debt Collection Practices Act

30. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

31. Defendants' violations of the FDCPA include, but are not limited to, the following:

> (a) Sending to Plaintiff *Exhibit A*, which falsely, deceptively, and misleadingly misrepresents Plaintiff's rights under 15 U.S.C. §§ 1692c in violation of 15 U.S.C. § 1692e and e(10);

 (b) Threatening take action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

WHEREFORE, Plaintiff Wanda Griffin Lewis requests that judgment be entered for herself and the class she seeks to represent against Defendants debt collectors Associated Recovery Systems and LVNV Funding, LLC for:

 A. Statutory damages, pursuant to 15 U.S.C. §1692k;

 B. Declaratory relief that Defendants' practices violate the FDCPA;

 C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k;

 D. Such other and further relief as the court deems just and equitable.

## VIII. Jury Demand

Plaintiff Wanda Griffin Lewis hereby demands trial by jury of all claims so triable.

Wanda Griffin Lewis, on behalf of herself and all others similarly situated, Plaintiffs,

_____
David G. Poston, Esq.
BROCK & STOUT, LLC.
Post Office Drawer 311167
Enterprise, Alabama 36331
334-393-4357
334-393-0026 Facsimile
Email: christal@circlecitylaw.com

ATTORNEY FOR PLAINTIFF
AND THE PUTATIVE CLASS