IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WANDA GRIFFIN LEWIS, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 2:09cv1041-MHT (WO) |
| ARS NATIONAL SERVICES, INC., d/b/a Associated Recovery Systems, and LVNV FUNDING, LLC., | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION AND ORDER

In this lawsuit, plaintiff Griffin Lewis claims that
defendants ARS National Services (d/b/a Associated
Recovery Systems) and LVNV Funding, LLC, have routinely
sent collection letters containing a privacy notice that
violates the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. §§ 1692 et seq. Lewis seeks
statutory damages, a declaratory judgment that the
defendants' debt-collection practices violate the FDCPA,
and costs and attorneys' fees.

This case is now before the court on Lewis's motion for class certification.   Lewis seeks to have the following class certified:

> "(i) all persons with addresses in Alabama (ii)to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A (attached to the Complaint) containing a section entitled "PRIVACY NOTICE" (iii) in an attempt to collect an alleged [debt] originally owed to JC Penney (iv) which, as shown by the nature of the alleged debt, Defendant's records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) which were not returned undeliverable by the U.S. Post Office (vi) during the period one year prior to the date of filing this action, <u>i.e.</u> - November 12, 2008 through November 12, 2009."

Mot. Class Cert. at 1 (Doc. No. 40).   For the reasons that follow, Lewis's motion for class certification will be granted.


##### I.   STANDARD FOR CLASS CERTIFICATION

"Rule 23 [of the Federal Rules of Civil Procedure] establishes the legal roadmap courts must follow when

determining whether class certification is appropriate." Valley Drug Co. v. Geneva Pharms., Inc., 350 F.3d 1181, 1187 (11th Cir. 2003).  The party seeking to maintain the class action bears the burden of demonstrating that all the requirements of Rule 23 have been met.  Id.

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004); see also Valley Drug, 350 F.3d at 1188.  Rule 23(a) has four prerequisites the proposed class must meet: numerosity, commonality, typicality, and adequacy of representation.[1]  Amchem Products, Inc. v. Windsor, 521

---

1.  Rule 23(a), in full, is as follows:

"One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable, (2) there are
(continued...)

3

U.S. 591, 613 (1997); <u>see also</u> <u>Washington v. Brown &</u>

<u>Williamson Tobacco Corp.</u>, 959 F.2d 1566, 1569 (11th Cir.

1992).  Furthermore, the court must determine whether the

class action may be maintained as one of the types of

classes under Rule 23(b).[2]  The named plaintiff bears the

---

1(...continued)
> questions of law or fact common to the
> class, (3) the claims or defenses of the
> representative parties are typical of
> the claims or defenses of the class; and
> (4) the representative parties will
> fairly and adequately protect the
> interests of the class."

Fed. R. Civ. P. 23(a).

2.  The three types of class actions maintainable
under Rule 23(b) are as follows:

> "(1) the prosecution of separate actions
> by or against individual members of the
> class would create a risk of (A)
> inconsistent or varying adjudications
> with respect to individual members of
> the class which would establish
> incompatible standards of conduct for
> the party opposing the class, or (B)
> adjudications with respect to individual
> members of the class which would as a
> practical matter be dispositive of the
> interests of the other members not
> parties to the adjudications or
>                                (continued...)

burden of meeting all of the requirements of sections (a)

and (b) of Rule 23, <u>Babineau v. Federal Exp. Corp.</u>, 576

---

    2(...continued)
        substantially impair or impede their
        ability to protect their interests; or

        "(2) the party opposing the class has
        acted or refused to act on grounds
        generally applicable to the class,
        thereby making appropriate final
        injunctive relief or corresponding
        declaratory relief with respect to the
        class as a whole; or

        "(3) the court finds that the questions
        of law or fact common to the members of
        the class predominate over any questions
        affecting only individual members, and
        that a class action is superior to other
        available methods for the fair and
        efficient adjudication of the
        controversy.  The matters pertinent to
        the findings include: (A) the interest
        of members of the class in individually
        controlling the prosecution or defense
        of separate actions; (B) the extent and
        nature of any litigation concerning the
        controversy already commenced by or
        against members of the class; (C) the
        desirability or undesirability of
        concentrating the litigation of the
        claims in the particular forum; (D) the
        difficulties likely to be encountered in
        the management of a class action."

Fed. R. Civ. P. 23(b).

F.3d 1183, 1189-90 (11th Cir. 2009), and a failure to do so precludes class certification.  <u>Valley Drug</u>, 350 F.3d at 1188 (citing <u>Amchem</u>, 521 U.S. at 615-18).

A court considers the question of class certification separately from the merits of the action.  <u>See</u> <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1266 (11th Cir. 2009).  In deciding whether to certify a class, the district court has broad discretion.  <u>Brown & Williamson Tobacco Corp.</u>, 959 F.2d at 1569.  Though the district court should not determine the merits of the case at the class-certification stage, it should consider them "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied."  <u>Vega</u>, 564 F.3d at 1266 (quoting <u>Valley Drug Co.</u>, 350 F.3d at 1188); <u>see also</u> <u>Gen. Tel. Co. v. Falcon</u>, 457 U.S. 147, 160 (1982) ("sometimes it may be necessary for the court to probe behind the pleadings").

## II.  FACTUAL BACKGROUND

Lewis, a resident of Troy, Alabama, acquired a debt from the company J.C. Penny Consumer in the amount of $ 476.24.  LVNV Funding, a South Carolina company and one of a conglomerate of enterprises known as the "Sherman Companies," engages in the business of debt collection and acquired Lewis's debt after it was in default.  LVNV assigned the debt to Associated Recovery Systems for collection.  Following this assignation, Lewis received a letter from Associated Recovery Systems dated November 14, 2008, informing her that LVNV Funding had purchased her debt from J.C. Penny and explaining the ensuing collection process.  The letter also contained a "privacy notice," which is the subject of this suit.

## III.  DISCUSSION

As stated, Lewis, as the named plaintiff, bears the burden of establishing all four prerequisites of Rule 23(a), as well as at least one of the requirements of

7

Rule 23(b).  Klay, 382 F.3d at 1250; Valley Drug, 350 F.3d at 1188.  The court will address these requirements in turn.

### A.  Rule 23(a) Prerequisites

### 1.  Numerosity

For class certification to be appropriate, Rule 23(a) requires that "the class [be] so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir. 1986).  There is no bright-line rule as to when a class is sufficiently numerous to warrant certification.  Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1553 (11th Cir. 1986) (noting that "while there is no fixed numerosity rule, 'generally less

than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.'") (quoting 3B <u>Moore's Federal Practice</u> ¶ 23.05[1] at n.7 (1978)).

Here, Lewis alleges that Associated Recovery Systems sent letters identical to hers to 7,965 people in Alabama. Mot. Class Cert. ¶ 4 (Doc. No. 40). An email from defense counsel supports that allegation. <u>See</u> Ex. 1 (Doc. No. 42-1). Lewis has presented sufficient factual evidence to show that joinder of all of the potential plaintiffs would be presumptively impractical, based purely on the size of the class alleged. <u>See</u> <u>Vega</u>, 564 F.3d at 1267 (noting that "a plaintiff ... bears the burden of making some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement."). Thus, the court finds that the alleged class satisfies the numerosity requirement.

## 2.  Commonality

Under Rule 23, there must be "questions of law or fact common to the class" for certification.  Fed. R. Civ. P. 23(a)(2).    To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class-wide proof."  Murray v. Auslander, 244 F.3d 807, 811 (11th Cir. 2001).  Here, Lewis alleges that Associated Recovery Systems, on behalf of LVNV, sent identical collection letters to her and all of the alleged class members.  Therefore, whether the privacy notice contained in the letters violates the FDCPA is a question "susceptible to class-wide proof," id., satisfying the commonality requirement.  See Swanson v. Mid Am, Inc., 186 F.R.D. 665, 668 (M.D. Fla. 1999) (Adams, J.) ("To establish commonality, it is sufficient that Plaintiff allege that all class members received the same collection letter.").

### 3. Typicality

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  "The commonality and typicality requirements of Rule 23(a) tend to merge."  General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 158 n.13 (1982).  This is because "[b]oth serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Id.  The Eleventh Circuit Court of Appeals has described the typicality requirement as a "nexus" between the plaintiff's claims and the common questions of law or fact shared among the class.  Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1337 (11th Cir. 1984), cert. denied, 470 U.S. 1004 (1985).  "A sufficient nexus is

established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." Id. The named representative and the other class members need not have identical claims or defenses, however. Id.

Here, Lewis alleges that she and the other class members all received the same letter with the same privacy notice. Consequently, their claims "arise from the same ... pattern or practice," id., and are in fact identical. Thus, the typicality requirement is satisfied, as well.

### 4. Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement, like the others, is intended "to protect the legal rights of absent class members" by

12

ensuring that the class representative will defend those rights vigorously.  Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 726 (11th Cir. 1987).  The inquiry usually focuses on the qualifications and experience of plaintiffs' counsel and on "whether [the] plaintiff[] ha[s] interests antagonistic to those of the rest of the class."  Id. (quoting Griffin v. Carlin, 755 F.2d 1516, 1532 (11th Cir. 1985)).  The named plaintiff must also be able to fulfill her fiduciary role as a class representative.  Id.

Lewis has submitted an affidavit in which she affirms that she understands the nature of this lawsuit and her responsibilities as a class representative.  She has also offered affidavits from her attorneys, Gerald A. Templeton and O. Randolph Bragg.  Templeton and Bragg summarize their experience in the practice of law, including their background in consumer matters and class action litigation.  The court sees no reason that Lewis's interests would be inimical to those of the class

13

members.  The court is also satisfied that Templeton and
Bragg are "qualified, experienced, and generally able to
conduct the proposed litigation." Kirkpatrick, 827 F.2d
at 726.  Therefore, the representation of the proposed
class action is adequate.


### B.  Rule 23(b)

As stated previously, in addition to satisfying all
of the prerequisites of Rule 23(a), a putative class must
also meet at least one of the requirements of Rule 23(b).
Klay, 382 F.3d at 1250; Valley Drug, 350 F.3d at 1188.
Lewis seeks a class certification under Rule 23(b)(3),
which allows certification if "the court finds that the
questions of law or fact common to class members
predominate over any questions affecting only individual
members, and that a class action is superior to other
available methods for fairly and efficiently adjudicating
the controversy." Fed. R. Civ. P. 23(b)(3).  Thus, Rule
23(b)(3) adds predominance and superiority to the class-

14

certification analysis.  In adding those requirements, "the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" Amchem Products, Inc. v. Windsor, 521 U.S. 591, 615 (1997) (quoting Fed. R. Civ. P. 23(b)(3) advisory committee's note).  Rule 23(b)(3) includes a list of factors a court should consider when evaluating predominance and superiority: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be

encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem, 521 U.S. at 623. The predominance inquiry is more demanding than the commonality inquiry; issues susceptible to class-wide proof must predominate over issues requiring individualized proof. Vega, 564 F.3d at 1270; see also Klay, 382 F.3d at 1255. "Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." Rutstein v. Avis Rent-A-Car Sys., 211 F.3d 1228, 1234 (11th Cir. 2000).

As for superiority, the judge considering class certification must make an independent inquiry "into the superiority of the class action over other available methods of adjudication." Allison v. Citgo Petroleum

Corp., 151 F.3d 402, 414 (5th Cir. 1998).  Certification
under 23(b)(3) is often appropriate for cases in which
individual damages are low, thereby providing little
incentive for individual suits.  Amchem, 521 U.S. at 617.
A court should also consider manageability of the class
when assessing both predominance and superiority.  Mack
v. General Motors Acceptance Corp., 169 F.R.D. 671, 676
(M.D. Ala. 1996) (Thompson, J.) (citing Andrews v.
American Telephone & Telegraph Co., 95 F.3d 1014, 1023
(11th Cir. 1996)).

In general, "[p]redominance is a test readily met in
certain cases alleging consumer ... fraud."  Amchem, 521
U.S. at 625.  Here, not only will class-wide issues of
proof predominate, but it is unlikely that there will be
any issues of individualized proof.  To determine whether
the collection letters sent by American Recovery Systems
violated the FDCPA, the court will not need to question
whether each class member was deceived or misled by the
privacy notice, because the "least sophisticated

consumer" standard governs.   <u>Jeter v. Credit Bureau,</u>
<u>Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985); <u>see also</u>
<u>Swanson</u>, 186 F.R.D. at 668 ("Additionally, the Court need
not determine whether the named plaintiff or other
putative plaintiffs read or were confused by the notice,
as the standard is whether the 'least sophisticated
consumer' would have been misled."). Thus, the only
individualized proof necessary will be whether each class
member received a letter identical to Lewis's. Since
that is a prerequisite for joining the class, the court
finds that common questions of fact and law predominate
in this case.

The court also finds that a class action is a
superior method of adjudicating this controversy.
Individual damages under the FDCPA are capped at $ 1,000.
15 U.S.C. § 1692k(2)(A). This is an inadequate incentive
for most consumers to spend the time and money required
for successful litigation. Therefore, looking to the
first factor listed in 23(b)(3), the court finds that

18

"the interest of members of the class in individually
controlling the prosecution or defense of separate
actions" is low in this case.  Fed. R. Civ. P.
23(b)(3)(A).  A class action will also "achieve economies
of time, effort, and expense," as intended by the rule's
drafters, thereby increasing judicial efficiency.  Fed.
Rule Civ. P. 23(b)(3) advisory committee's note.  As for
the fourth factor listed in Rule 23(b)(3), the court does
not see any reason that the proposed class will present
any particular manageability problems.  <u>See</u> Fed. R. Civ.
P. 23(b)(3)(D).


    C.  Whether the Class is Artificially Restrictive

    In their response to Lewis's motion for class
certification, ARS and LVNV do not actually dispute that
the proposed class meets the four prerequisites of Rule
23(a), and the predominance and superiority requirements
of Rule 23(b)(3).  Instead, the defendants contend that
the class as defined by Lewis "is artificially

19

restrictive and designed to allow for the maintenance of separate class action complaints based on the exact same alleged conduct." Defs.' Resp. at 1 (Doc. No. 48). The defendants argue that LVNV employs debt-collection agencies other than ARS, and seeks to collect debts originally owed to creditors other than J.C. Penney. Every debtor from whom LVNV seeks to collect receives the same privacy notice. Because the debt-collection agency utilized and the original creditor are "immaterial to the determination of whether the privacy notice violates the FDCPA," id. at 3, the defendants argue that any class certified "should include all Alabama residents who received the privacy disclosure at issue in this lawsuit." Id. at 1.

As support for their argument, the defendants state that Lewis's own reasoning supports certifying a broader class. If, as Lewis contends, "the principal legal issue[] arising here is whether Defendants' letters violated the FDCPA," Pl.'s Mot. at 7 (Doc. No. 41), then

20

it does not matter who mailed the letter or who the
original creditor was.  The defendants say that Lewis's
arguments regarding typicality and commonality also
support certifying a broader class, again because those
arguments are based on the identical nature of the
letters sent.  Additionally, if the class is not
expanded, the defendants argue that LVNV could be subject
to multiple suits, wherein different results could be
reached, and it could be required to pay the same
statutory damages multiple times.

According to the defendants, the court "can expand
the class or consolidate it with other classes to capture
all similar plaintiffs," Defs.' Resp. at 10 (Doc. No.
48), which will better serve the goals of efficiency and
economy.  They cite a Florida district case alleging
violations of the securities laws in support of this
argument.  Sherleigh Associates LLC v. Windmere-Durable
Holdings, Inc., 184 F.R.D. 688 (S.D. Fla. 1999) (Lenard,
J.).  However, in Sherleigh, the court consolidated

numerous putative class actions that had already been filed in court in New York and Florida.  Id. at 690-91. The Sherleigh court went on to determine which of the proposed lead plaintiffs was most fit to represent the class, id. at 692, and set out a process for designating class counsel.  Id. at 696-97.  However, in Sherleigh the court consolidated the existing cases under Federal Rule of Civil Procedure 42(a) and the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (1995) (codified as amended in scattered sections of 15 U.S.C.), and its choices of lead plaintiff and class counsel were governed by the Reform Act as well.  Furthermore, the Sherleigh court did not expand the class sought to be certified by adding any class members not encompassed already by one of the proposed lead plaintiffs.  Consequently, the court does not find that Sherleigh presents a persuasive basis for expanding the class Lewis seeks to have certified.

22

In response to the defendants, Lewis states that,
"There is [no] authority that requires the certification
of the broadest possible class."  Pl.'s Reply at 1 (Doc.
No. 51).  She cites Mace v. Van Ru Credit Corp., 109 F.3d
338 (7th Cir. 1997), in support of her contention that
the proposed class should not be expanded over her
objection.  In Mace, a district court had denied class
certification in a FDCPA case on the ground that the
plaintiff had sought to certify a class limited to the
State of Indiana.  The court reasoned that the FDCPA's
damages limitation "was intended to place a limit on
total liability," such that a nationwide class was
required, rather than state-by-state suits.  Id. at 342.

The Seventh Circuit Court of Appeals reversed.  That
court compared the FDCPA to other statutes with similar
language, like the Truth in Lending Act ("TILA"), 15
U.S.C. § 1601 et seq.  The court noted one important
difference between the statutes: TILA requires that "the
total recovery ... in any class action or series of class

<u>actions</u> arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the creditor." <u>Id</u>. (quoting TILA, 15 U.S.C. § 1640(a)(2)(B)) (emphasis added). In contrast, while the damages cap in the FDCPA is the same as that in TILA, the phrase "or series of class actions" is absent from the FDCPA. Thus, the Seventh Circuit reasoned, the FDCPA's damages cap does not apply to a series of class actions, thereby limiting total liability and requiring a nationwide class.

The court in <u>Mace</u> stated that it "[knew] of no authority requiring the participation of the broadest possible class." <u>Id</u>. at 341. In addition, the <u>Mace</u> court found that, as a policy matter, the damages limitation in the FDCPA would not necessarily "become meaningless" if serial suits were allowed, as the district court had feared. <u>Id</u>. at 344. The Seventh Circuit felt that the one-year statute of limitations in

the FDCPA would make multiple lawsuits more difficult, and noted that there was "no way of telling whether such repeated class actions are possible or likely, here or generally," which made requiring a nationwide class at that stage premature.  Id.  Furthermore, the court found that, "if a debt collector is sued in one state, but continues to violate the statute in another, it ought to be possible to challenge such continuing violations."  Id.

This court finds the analysis and reasoning in Mace persuasive in assessing the defendants' arguments in the present matter.  Like the defendants in Mace, LVNV and ARS have pointed to no authority for the proposition that the court should use its discretion to require a broader class.  In addition, the defendants have presented no evidence showing that they are currently subject to serial lawsuits based on the privacy notice at issue.[3]

_____

3.  At the time the defendants filed their response to Lewis's motion for class certification, a similar suit against LVNV was pending in this court.  See Smith v. (continued...)

The court declines to force Lewis to broaden her proposed class based on an unsupported fear.  The class, as currently defined, fulfills all of the requirements of Rule 23.  That is all that the law demands, and this court will not require more based on the mere possibility that it would advance efficiency.  See Hubbard v. M.R.S. Associates, Inc., 2008 WL 5384294, at *4 (S.D. Ind. Dec. 19, 2008) (Hamilton, C.J.) (adopting the Mace reasoning and refusing to broaden the proposed class definition beyond the one-year timeframe requested by the plaintiff, even if that might increase efficiency and help avoid duplicative litigation); Nichols v. Northland Groups, Inc., 2006 WL 897867, at *10 (N.D. Ill. Mar. 31, 2006) (Pallmeyer, J.) (also adopting the Mace reasoning and holding that "This court concludes that neither the FDCPA

---

        3(...continued)
Allied Interstate, Inc. et al., case no. 1:09-cv-1007-MEF.  However, Smith has since been resolved.  See Smith, 09-cv-1007, Joint Stipulation of Dismissal of all Claims (Doc. No. 48).

nor Rule 23 require a larger class than Plaintiff
proposes to certify.").

***

Accordingly, it is ORDERED that:

(1) Plaintiff Wanda Griffin Lewis's motion for class
    certification (Doc. No. 40) is granted;

(2) A plaintiff class is certified consisting of (i)
    all persons with addresses in Alabama (ii) to
    whom defendants ARS National Services, INC.,
    d/b/a Associated Recovery Systems, and LVNV
    Funding, LLC. sent, or caused to be sent, a
    letter in the form of Exhibit A (attached to the
    Complaint) containing a section entitled
    "PRIVACY NOTICE" (iii) in an attempt to collect
    an alleged debt originally owed to J.C. Penney
    (iv) which, as shown by the nature of the
    alleged debt, defendants' records, or the
    records of the original creditors, was primarily

27

for personal, family, or household purposes (v)

which were not returned undeliverable by the

U.S. Post Office (vi) during the period one year

prior to the date of filing this action, i.e.

November 12, 2008 through November 12, 2009; and

(3) Said class is represented by plaintiff Wanda

Griffin Lewis, through counsel Gerald A.

Templeton, Esq. and O. Randolph Bragg, Esq.

DONE, this the 6th day of September, 2011.

          /s/ Myron H. Thompson
     UNITED STATES DISTRICT JUDGE